

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–0519–07

**ANTHONY WASYLINA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### ANDERSON COUNTY

MEYERS, J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.

### DISSENTING OPINION

Appellant was charged with manslaughter. The State asked for and received, over Appellant's objection, a jury instruction on the lesser-included offense of criminally negligent homicide. The jury was properly instructed on manslaughter with a reckless culpable mental state, and on criminally negligent homicide with a culpable mental state of negligence. The jury acquitted Appellant of the manslaughter charge but convicted him of criminally negligent homicide. He appealed, claiming that because there was no

evidence of criminal negligence presented at trial, the trial court improperly submitted to the jury the lesser-included offense of criminally negligent homicide. The court of appeals agreed, and so do I.

Since the State didn't like the results of Appellant's appeal, it appealed to us and raised the following issues: the court of appeals' failure to consider Penal Code section 6.02(e), the use of an improper standard of review, and prosecutorial discretion to submit lesser-included offense instructions. What the State doesn't want us to do is a sufficiency analysis on the facts of this case–it wants us to just say that criminally negligent homicide is always a lesser-included offense of manslaughter and therefore, since this jury was properly charged on the culpable mental states for these offenses and it found Appellant guilty of criminally negligent homicide, there must have been proof of criminal negligence, even though evidence of only recklessness was presented.[1] The majority acquiesces to the State and declines to analyze the sufficiency of the evidence of criminal negligence, instead holding that "proving the greater culpable mental state of recklessness necessarily proves the lesser culpable mental state of criminal negligence. . . ." In doing so, the majority completely ignores the fact that the State did not *prove* the greater culpable mental state of recklessness, which is why the jury acquitted Appellant of manslaughter.

The majority's holding is based on Texas Penal Code section 6.02(e), which states

---

[1]Alternatively, the State would be happy if we said that the prosecutor has the discretion to raise any lesser-included offense that is allowed by the indictment.

that "Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged." I would like to emphasize the first word–Proof. In criminal law, that means beyond a reasonable doubt. I would also like to point out that it says "Proof of a higher degree of culpability *than that charged*. . . ." So, if Appellant had been originally indicted for criminally negligent homicide, but at trial the State proved recklessness beyond a reasonable doubt, then section 6.02(e) may apply. Instead, here, Appellant was indicted for manslaughter. And, while there was evidence regarding the reckless mental state that goes along with the manslaughter charge listed in the indictment, there was not proof beyond a reasonable doubt of recklessness, as indicated by the jury's decision to acquit Appellant of that charge. Thus, we have no proof of even the culpable mental state for the charged offense, let alone proof of a higher degree of culpability. Penal Code section 6.02(e) simply does not apply in this case.

I think we should go back to the real issue, starting with whether the lesser-included-offense instruction should have been given. In *Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997), we decided that "the sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." Or, as we more recently stated in

*Grissam v. State*, 267 S.W.3d 39 (Tex. Crim. App. 2008), "The legal sufficiency of evidence is measured against the requirements for conviction in a correct charge of the court (as distinguished from the charge that actually was given)."

What is the hypothetically correct jury charge in this case? Is it the charge that actually was given with a lesser-included offense instruction, or should the jury have been instructed on manslaughter only? This consideration necessarily requires an analysis of the sufficiency of the evidence presented at the trial. In my opinion, in this case, the Appellant wins either way. To me, based on the evidence presented at trial, the lesser-included-offense instruction should not have been given (which is what the court of appeals determined). Criminal negligence requires proof that a reasonable person would have recognized the substantial risk that the behavior posed. The State would have had to show not only that the defendant was not aware of the risk, but also that he *should have* been aware of the risk of his behavior, neither of which was presented in this case. Therefore, the hypothetically correct jury charge should have included manslaughter only, and the jury found Appellant not guilty of that offense. However, even if the lesser-included-offense instruction was properly given, the evidence presented at trial of criminally negligent homicide is not legally sufficient to support a guilty verdict. (Of course, this lack of sufficient evidence is the reason that the instruction should not have been given in the first place).

In her dissenting opinion in *Collier v. State*, Presiding Judge Keller pointed out

that "*Malik* recognized that an offense should never be submitted to the factfinder when there is legally insufficient evidence to support it. From these observations it follows that the hypothetically correct jury charge would not include an element of an offense that is supported by legally insufficient evidence." *Collier*, 999 S.W.2d 779, 787 (Tex. Crim. App. 1999) (Keller, J., dissenting), *citing Malik*, 953 S.W.2d at 237. I agree. I also agree with the court of appeals that there is no evidence in the record that would permit a rational jury to find that Appellant is guilty of criminally negligent homicide. Therefore, the offense should never have been submitted to the factfinder.

Because the majority fails to analyze the sufficiency of the evidence and instead improperly applies Penal Code section 6.02(e), I respectfully dissent.


Meyers, J.



Filed: January 28, 2009

Publish