Rodger Lou **GRISSAM, Appellant,**

v.

**The STATE of Texas.**

**No. PD–1532–07.**

Court of Criminal Appeals of Texas.

Sept. 10, 2008.

Denise G. Perkins, Granbury, TX, for Appellant.

Jeffrey L. Van Horn, State Prosecuting Attorney, Austin, TX, for State.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

An indictment accused the appellant of committing burglary of a habitation in each of two ways in which such an offense can be committed: (1) by entering with intent to commit theft or (2) by entering and thereafter committing (or attempting to commit) theft. The trial court's charge to the jury should have explained both kinds of burglary and authorized them to convict on either. Instead it explained one kind in the abstract statement of the law and authorized conviction on the other in the application paragraph:

> Our law provides that a person commits the offense of burglary if, without the effective consent of the owner, he enters a habitation *with intent to commit theft.*
>
> . . .
>
> Now if you find from the evidence beyond a reasonable doubt that Defendant, RODGER LOU GRISSAM, in Hood County, Texas, on or about the 27th day of August, 2004, either acting alone or with Joseph LeFebvre as a party to the offense herein before defined, did then and there intentionally or knowingly, without the effective consent of Ashley Carey, the owner thereof, enter a habitation *and did attempt to commit or commit theft,* then you will find the defendant guilty of the offense of Burglary of a Habitation as alleged in the indictment. [Emphases added.]

The legal sufficiency of evidence is measured against the requirements for conviction in a correct charge of the court (as distinguished from the charge that actually was given). *Malik v. State,* 953 S.W.2d 234 (Tex.Cr.App.1997).

The Court of Appeals recognized that standard, but it read *Malik* and other decisions to forbid it from applying any theory that was not submitted to the jury in the application paragraph of the charge. *See Grissam v. State,* No. 2–05–422–CR, 2007 Tex.App. LEXIS 6843, at *8–9 (Tex.App.– Fort Worth Aug. 24, 2007) (not designated for publication).

We said in *Malik* that "due process prevents an appellate court from affirming a conviction based upon legal and factual grounds that were not submitted to the jury." 953 S.W.2d, at 238 n.3. But that statement was followed immediately by our discussion of the holding of a federal

court of appeals that sufficiency of the evidence should be measured by the law of parties that was in the abstract portion of the charge but not in the application paragraph, and noting that the federal court's decision "implied that the complete absence" of the theory from the charge may present constitutional problems. *Ibid.*

■ In the case before us, both theories of burglary were in the charge, although only one was in the application paragraph. The legal sufficiency of the evidence should have been measured against the requirements for conviction under either theory of burglary.

We vacate the judgment of the Court of Appeals and remand the case to that court for further consideration.

MEYERS, J., filed a dissenting opinion.

MEYERS, J., dissenting.

The jury in this case was asked to vote on only one crime in the application paragraph of the jury charge-entering a habitation and attempting to commit or committing theft. And, the court of appeals has already said that the evidence was not sufficient to support that conviction. The majority now sends this case back to the court of appeals to consider the sufficiency of a crime that was not presented to the jury in the application paragraph. I'm having a hard time figuring out why the court of appeals should review an offense that was not even presented to or considered by the jury.

The majority has decided to address this case by remanding it to the court of appeals for a sufficiency analysis under *Malik v. State*, 953 S.W.2d 234 (Tex.Crim. App.1997). From my understanding of the facts in this case, it seems that the defendant was indicted for two separate offenses, but the jury charge allowed a conviction for only one offense. Because the

Court is sending the case back under *Malik*, the court of appeals is now required to consider the sufficiency of the evidence under a hypothetically correct jury charge, which would include both alleged crimes. The court of appeals has already ruled that the evidence against the defendant is insufficient as to one crime, so I presume that their only task is to see if the evidence is sufficient to show that the defendant entered the building with intent to commit theft. *Grissam v. State*, No. 2–05–422–CR, 2007 WL 2405122, *4–5 (Tex.App.–Fort Worth Aug. 24, 2007) (not designated for publication), 2007 Tex.App. LEXIS 6843 at *11.

In my opinion, this case is similar to a situation in which there is a lesser included offense. However, in the context of a lesser included offense, when, on appellate review, the evidence to support a conviction for a greater offense is insufficient, then the court of appeals can reform a conviction to a lesser offense only if the lesser included offense was presented to the jury. *See Haynes v. State*, —— S.W.3d ——, ——, 2008 WL 1883463, *3–4, 2008 Tex.Crim.App. LEXIS 569 at *8 (Tex. Crim.App. April 30, 2008). I think we should deal with this case in the same way. Because the jury was not asked in the application paragraph to consider whether the defendant entered the building with intent to commit theft, the court of appeals did not err in failing to consider the sufficiency of this offense. It is not correct to include in a hypothetically correct jury charge a theory that was not presented to the jury.

I would also like to point out that the State asked us to review the court of appeals' sufficiency analysis as to the only theory it was presented with—it did not ask us to review the theory of the crime that was not presented to the jury.

Because I agree with the court of appeals that the evidence was insufficient to show that Appellant was guilty of attempting to commit or committing theft, and the offense of entering a habitation with intent to commit theft was not considered by the jury, I would affirm the court of appeals. Therefore, I respectfully dissent.