02-11-001&002-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND DISTRICT OF
 TEXAS
 FORT WORTH
  
 
 


 

 

NOS. 02-11-00001-CR
          02-11-00002-CR

 

 


 
 
 JEFFREY CHARLES STINSON
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE
 STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I.  Introduction

In one issue, Appellant Jeffrey
Charles Stinson appeals his convictions for possession of a controlled
substance in an amount of one gram or more but less than four grams, and
possession or transport of anhydrous ammonia with intent to manufacture a
controlled substance.  We affirm.

II.  Factual and Procedural
Background

On November 16, 2008, Caleb Smith
committed a traffic violation while leaving a pasture where evidence of
methamphetamine production was later discovered; instead of stopping after the
traffic violation, he fled from the police.  Stinson was Smith’s passenger.  The
police arrested both men after an extensive car chase.

Police found anhydrous ammonia in an
improper receptacle in the vehicle’s trunk and recovered a white plastic pitcher
containing 1.04 grams of methamphetamine that had been thrown from the vehicle’s
passenger window during the chase.  The officer who had pursued the vehicle
after the initial traffic violation stated that at one point, he saw the
passenger’s hand come out of the vehicle and appear to pat the vehicle’s roof
in encouragement to the driver to keep going and to speed up.

The vehicle’s interior smelled like
ether and had a police scanner and binoculars on the front passenger seat.  It had
a box of Morton’s salt, a container of sulfuric acid, some blue paper towels,
and Mason-style jars containing a clear liquid behind the front passenger’s
seat.  In addition to the improperly stored anhydrous ammonia, the trunk
contained a backpack, which held a pan with white residue, a wooden spoon, a
white plastic tube with some crystalline residue that revealed trace amounts of
methamphetamine, some sandwich bags, a coffee grinder containing a thick white
powder,[2]
a blue paper towel showing pink residue,[3]
lithium batteries, and a can of ether-based starter fluid.[4]

The vehicle also contained some
Wal-Mart receipts, and one of the officers went to Wal-Mart to “track down” more
information about the white plastic pitcher and the box of salt.  The officer also
checked with the Wal-Mart pharmacy and learned that on November 15—the day
before the chase—Stinson had purchased a box of Sudafed, which contained 2.4
grams of pseudoephedrine and could be used to produce methamphetamine.  The
officer then crossed the parking lot to Walgreen’s, checked Walgreen’s pharmacy
records, and discovered that Stinson had purchased two boxes of Wal-phed
tablets, each containing forty-eight red tablets and 1.44 grams of pseudoephedrine,
on the same day.  He did not find any drug purchases by Smith at Walgreen’s or
Wal-Mart.  A buyer is restricted to the purchase of two boxes of pseudoephedrine
from one store and must show photo identification.

Stinson was charged with possessing
or transporting anhydrous ammonia with intent to unlawfully manufacture
methamphetamine and possession of methamphetamine in the amount of one gram or
more but less than four grams; he pleaded not guilty to both charges.[5]

During the defense’s case at trial, Smith
testified that he had been convicted and incarcerated for possession of certain
chemicals with intent to manufacture a controlled substance, possession with
intent to distribute, and possession, as well as evading arrest, based on the
same events of November 16.  Smith admitted that the tank found in his vehicle
contained anhydrous ammonia but denied that he had been in the pasture where
officers found evidence of methamphetamine production, even though the officer
who initially pursued him stated that Smith’s vehicle had turned from that
pasture onto the road in front of him.

Smith acknowledged that the items found
by the police in his vehicle were his, but he claimed that his vehicle had no
odors.  He stated that Stinson did not give him any Sudafed tablets, but he
also stated that he could not have purchased pseudoephedrine himself, stating,
“I don’t got no ID, so I didn’t buy no pseudoephedrine or anything.”  Smith
claimed that Stinson was innocent, that Stinson did not encourage him to keep
driving by beating on the roof of the car, that Stinson did not throw anything
from the passenger window, and that Stinson did not assist him in any way in
setting up or taking down a drug lab and putting it in the car or in making
methamphetamine, although he admitted that he did not tell the police in the
two years before trial that Stinson had been wrongfully charged.

The trial court included an
instruction on the law of parties in both jury charges.  The jury found Stinson
guilty in both cases and sentenced him to twelve years’ confinement and a
$2,000 fine in the anhydrous ammonia case and to five years’ confinement and a
$1,000 fine in the possession case.  The trial court set the sentences to run
concurrently.  This appeal followed.

III.  Sufficiency

In his sole issue, Stinson contends
that the evidence is insufficient to support his two convictions.

A person
commits a third-degree felony offense if he knowingly or intentionally
possesses methamphetamine in the amount of one gram or more but less than four
grams.  See Tex. Health & Safety Code Ann. § 481.115(c) (West 2010);
see also id. § 481.102(6) (West 2010).  He commits a second-degree
felony offense if, with intent to unlawfully manufacture methamphetamine, he
possesses or transports anhydrous ammonia.  See id. § 481.124(a)(1),
(d) (West 2010).  An intent to unlawfully manufacture methamphetamine is
presumed if the actor possesses or transports anhydrous ammonia in a container
or receptacle that is not designed and manufactured to lawfully hold or
transport anhydrous ammonia.  Id. § 481.124(b)(1).  Further, a
party is criminally responsible for an offense committed by the conduct of
another if, acting with intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense.  Tex. Penal Code Ann. § 7.02(a)(2) (West
2011).  In reviewing the sufficiency of the evidence, we should look at
“‘events occurring before, during and after the commission of the offense and
may rely on actions of the defendant which show an understanding and common
design to do the prohibited act.’”  Guevara v. State, 152 S.W.3d 45, 49
(Tex. Crim. App. 2004) (quoting Cordova v. State, 698 S.W.2d 107, 111
(Tex. Crim. App. 1985), cert. denied, 476 U.S. 1101 (1986)).

Stinson addresses only the
sufficiency of the evidence to show that he “had exclusive control, management,
care[,] or dominion over either the controlled substance or anhydrous ammonia”
and argues that the evidence did not establish affirmative links between him
and the methamphetamine or anhydrous ammonia.  He does not challenge the other
basis for the jury’s verdicts—that he was a party to the two offenses by aiding
or attempting to aid another person in committing the offenses with the intent
to promote or assist the commission of the offenses.

When the jury is authorized to
convict on alternative theories, the verdict of guilt will be upheld if the
evidence is sufficient on any one of the theories.  Sorto v. State, 173
S.W.3d 469, 472 (Tex. Crim. App. 2005), cert. denied, 548 U.S. 926
(2006); see also Grissam v. State, 267 S.W.3d 39, 41 (Tex. Crim.
App. 2008).  Having reviewed the evidence, as set out above, in the light most
favorable to the verdict, we conclude that the jury could have found the
essential elements of the crimes beyond a reasonable doubt by finding that
Stinson was a party to the two offenses, i.e., that he aided or attempted to
aid Smith in possessing the methamphetamine and in possessing or transporting
the anhydrous ammonia with intent to manufacture methamphetamine, with the
intent to promote or assist the commission of the two offenses.  See Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v.
State, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); Ojeda v. State,
340 S.W.3d 792, 797 (Tex. App.—San Antonio 2011, no pet.) (declining to address
links argument when the jury was authorized to convict appellant as a party and
the evidence was sufficient to support that theory).  We overrule Stinson’s
sole issue.

IV.  Conclusion

Having overruled Stinson’s sole
issue, we affirm the trial court’s judgment.

 

                                                                             PER
CURIAM

 

PANEL:  MCCOY, DAUPHINOT, and
GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 26, 2012









[1]See
Tex. R. App. P. 47.4.





[2]A
methamphetamine “cook” will grind pseudoephedrine pills in a blender or coffee
grinder before soaking them in ether.





[3]Pseudoephedrine
pills are often red; one of the officers opined that the pink residue on the
towel was from such pills.





[4]Ether,
anhydrous ammonia, salt, sulfuric acid, and lithium are used to produce
methamphetamine from pseudoephedrine.





[5]Prior
to the commencement of trial, the State abandoned the “intent to deliver”
language in its possession of methamphetamine indictment.