**AFFIRM; Opinion Filed July 11, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00411-CR**

**DOUGLAS MARSHALL JACKSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1114835-U**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

Douglas Marshall Jackson appeals his jury conviction for burglary of a habitation. In a single issue, Jackson contends his conviction should be reversed because the evidence is legally insufficient to support the conviction. We affirm the trial court's judgment.

### I.     BACKGROUND

Dorris Lago was in an upstairs bedroom of her step-mother's house when she heard a loud noise downstairs. As she looked around downstairs to see what caused the noise, she saw Jackson, whom she knew, coming from the garage. Jackson took a stereo from the living room, covered it with a bed sheet, and left. Lago reported the crime to the police, who later recovered the stereo from a local pawn shop and arrested Jackson. Jackson was charged with committing burglary under two alternative theories: (1) by entering Clark's house without her consent and

with the intent to commit theft or (2) by entering Clark's house without her consent and committing or attempting to commit theft. *See* TEX. PENAL CODE ANN. § 30.02 (a)(1),(3) (West 2011).

At trial, Lago testified that her step-mother, Suzanne Clark, was Jackson's grandmother's caretaker. Lago testified she was scared when she found Jackson in the house because the doors and windows were locked, and she did not know how he had entered. Jackson told her not to worry and that he was "just hungry" and "want[ed] to eat." Unsure what to do, Lago called Clark at work. While on the telephone with Clark, Lago saw Jackson take the stereo. She told Jackson to return the stereo, and when he refused, called the police. Lago testified that after Jackson left, she discovered the laundry room window had been opened.

Clark testified she felt violated by Jackson's actions and had not given him permission to enter the house or take or pawn the stereo. She, too, called the police to report the crime, and later gave the investigating officer the stereo's serial number.

Cedar Hill community service officer Deidre Greene testified she arrived at the house to take Lago's statement and found Lago crying, shaking, and "almost pretty much hyperventilating." Lago told her what had happened and showed her the window Jackson had used to enter. Greene prepared a report, and the case was assigned to detective James Porter.

Porter testified he verified the information in Green's report and spoke with Clark two days after the burglary. Based on the serial number Clark provided, he was able to locate the stereo at a pawn shop. Surveillance video from the pawn shop and a receipt showed Jackson had sold the stereo to the pawn shop within an hour of leaving Clark's house.

Testifying in his defense, Jackson admitted he took the stereo, but denied he broke into Clark's house. He testified that at six-foot-four, 285 pounds, he could not fit through the laundry room window which was about five feet off the ground and less than eighteen inches long.

According to Jackson, he was in a relationship with Clark. Jackson testified he had a key to her house, had stayed in the house, had clothes in the house, had paid Clark rent, and had permission to be in the house the day he took the stereo. He explained he took the stereo to the pawn shop because Clark had asked him to leave her "some money and that was the only way [he] could get her some money." Asked why Clark would testify that she had not given him permission to enter the house, Jackson stated that Clark, a foster mother, feared losing her foster care license if she admitted that, contrary to licensing rules, she had allowed an unrelated male to stay at her house. On cross-examination, Jackson admitted he had two previous burglary convictions and had pawned the items stolen during those burglaries also.

Authorized to convict Jackson upon a finding of either theory of burglary alleged in the indictment, the jury returned a general verdict of guilty. Following evidence on punishment, the jury assessed an enhanced thirty-five year sentence.

## II.  SUFFICIENCY OF EVIDENCE

Jackson's sole issue challenges the sufficiency of the evidence to support the conviction. Specifically, Jackson asserts no evidence exists he entered the house without Clark's consent and no evidence exists he intended to commit theft. In challenging the sufficiency of the evidence regarding consent, he relies on his testimony that (a) he could not fit through the window Lago claimed he used to enter the house, (b) he had a key to the house, (c) he had clothes in the house, and (d) he had paid Clark rent. In challenging the sufficiency of the evidence to support intent, Jackson relies on Lago's testimony that he told her at the time that he was "just hungry" and "wante[ed] to eat." He also asserts the evidence of his prior convictions "carried an emotional weight and dangerously impressed the jury in an irrational and indelible way." In response, the State asserts that whether Jackson entered the house through a window or door is irrelevant to

whether he entered without Clark's consent and further, that Jackson's "pattern of burglarizing and . . . pawn[ing] the stolen items support the inference of intent to commit theft."

## A. Applicable Law

A person commits the offense of burglary of a habitation if, without the owner's consent, he enters a habitation with the intent to commit a theft, commits a theft, or attempts to commit a theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(1),(3). A person commits theft if he takes property without the owner's consent and with the intent to deprive the owner of the property. *See id.* § 31.03(a),(b)(1) (West Supp. 2012); *Byrd v. State*, 336 S.W.3d 242, 250-51 (Tex. Crim. App. 2011). "Effective consent" is defined as assent in fact, whether express or apparent, and includes assent by a person legally authorized to act for the owner. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(11),(19), 31.01(3). "Deprive" means, in relevant part, to dispose of property in a manner that makes it unlikely the owner will recover the property. *Id.* § 31.01(2)(C).

## B. Standard of Review

In evaluating the legal sufficiency of the evidence to support a conviction, a reviewing court considers all the evidence, whether properly admitted, in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Under this standard, the reviewing court gives deference to the trier of fact's resolution of any conflicts in testimony, weight of the evidence, and credibility determinations. *See Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Gear*, 340 S.W.3d at 746. When, as here, the jury is authorized to convict the defendant on alternative theories, the verdict will be upheld if the evidence is sufficient to support either theory. *See Grissam v. State*, 267 S.W.3d 39, 41 (Tex. Crim. App. 2008)

## C.     Application of Law to Facts

With respect to the element of effective consent to enter property, we agree with the State that whether Jackson entered the house through a window or door is irrelevant to the issue of consent. *See DeVaughn v. State*, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988) ("The gravamen of the offense of burglary clearly remains entry of a building or habitation without the effective consent of the owner, accompanied by either the required mental state, under §§ 30.02(a)(1) and (2) . . . or the further requisite acts or omissions, under § 30.02(a)(3) . . .."). What matters is whether consent was given. *See Evans v. State*, 677 S.W.2d 814, 818 (Tex. App.—Fort Worth 1984, no pet.) ("A person can make an unlawful entry by walking through an open door when the entry is without the owner's consent." (citations omitted)). Here, Clark testified that she did not give Jackson permission to enter the house, and from this testimony, a rational juror could have found beyond a reasonable doubt that Jackson's entry was without consent. *See* TEX. PENAL CODE ANN. §§ 1.09(a)(11),(19); *Ellet v. State*, 607 S.W.2d 545, 550 (Tex. Crim. App. [Panel Op.] 1980) (testimony that no consent given sufficient to establish absence of effective consent). Although Jackson relies on his testimony in support of his contention that he had consent, the standard of review requires us to view the evidence in the light *most favorable to the verdict*. *See Gear*, 340 S.W.3d at 746. Moreover, as the fact-finder, the jury was free to resolve any conflicts in the testimony and determine the witnesses' credibility. *See Merritt*, 368 S.W.3d at 525; *Gear*, 340 S.W.3d at 746. By returning a verdict of guilty, the jury necessarily resolved conflicts in testimony in the State's favor, and we will not disturb the jury's determination.

As to Jackson's challenge to the sufficiency of the evidence to support the element of intent to commit theft, we need not address this argument because the jury was also authorized to convict Jackson under the theory that he committed theft, and the evidence is sufficient to support that theory. *See* Grissam, 267 S.W.3d at 41. Jackson did not deny at trial that he took

the stereo, that Lago told him to return it, that Clark did not give him consent to take the stereo and pawn it, and that he pawned it. From this evidence, the jury could have found beyond a reasonable doubt that Jackson took the stereo without Clark's consent and intended to deprive her of it. *See Dickerson v. State*, 740 S.W.2d 567, 570 (Tex. App.—Fort Worth 1987, pet. ref'd) (evidence sufficient to support conviction for burglary where stolen items pawned near time of burglary). That Clark may have wanted money does not negate this. Nor does the contention that the evidence of Jackson's prior burglary convictions "carried an emotional weight and dangerously impressed the jury in an irrational and indelible way." Jackson did not object to this evidence at trial, and even if this evidence was improperly admitted, our determination of the sufficiency of the evidence includes a review of all the evidence, whether properly admitted. *See Clayton*, 235 S.W.3d at 778.

Because we conclude the evidence is legally sufficient to show Jackson entered Clark's house without her consent and committed theft, we resolve Jackson's sole issue against him.

### III. CONCLUSION

Having resolved Jackson' sole issue against him, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120411F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOUGLAS MARSHALL JACKSON, Appellant

No. 05-12-00411-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1114835-U.
Opinion delivered by Justice Lang. Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of July, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE