**Affirm and Opinion Filed July 12, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00296-CR**

**DEBRA HERNANDEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MB11-12510**

## OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice FitzGerald

Appellant was convicted of the misdemeanor offense of harassment and sentenced to 180 days in jail probated for two years, and a $500 fine. In a single issue on appeal, appellant asserts the evidence was insufficient to support her conviction. We affirm the trial court's judgment.

## BACKGROUND

Prior to the offense, appellant was in a relationship with Christopher Guerrero. Guerrero left appellant for Gayle Kent while appellant was pregnant with his child. Appellant admitted she harbored a great deal of animosity towards Guerrero and directed this animosity towards Kent.

After appellant threatened Kent with a series of profane electronic messages and annoying telephone calls, she was charged by information with harassment. The information alleged that appellant, with the intent to harass, annoy, alarm, abuse, torment, and embarrass

Kent, (1) caused the telephone of Kent to ring repeatedly; (2) made repeated telephone calls anonymously; (3) knowingly permitted a telephone under her control to be used by another to commit an offense; (4) threatened to inflict bodily injury on Kent by electronic communication in a manner reasonably likely to alarm Kent; and (5) sent repeated electronic communications in a manner reasonably likely to harass, annoy, torment, or offend another.[1]

At trial, Kent testified that over a two month period, appellant sent profane and threatening electronic messages to her on Facebook. Appellant referred to Kent as a "hoe," and challenged Kent to "say it to [her] muther f*** face." She also told Kent that "[she] don't play no f*** games." Kent testified that the messages made her feel annoyed and threatened. Appellant also published a public statement about Kent on her Facebook page that Kent described as making her feel very embarrassed, and sent a message to Guerrero, stating "[h]andle that bitch or I will. And you know I will. I'm not one to be messed with . . . ."

Kent sent appellant a message asking that she stop contacting her. Appellant responded, "[y]ou know what u got urself in[to]." Kent again requested that appellant cease contacting her and then blocked appellant's ability to contact her on Facebook. After doing so, Kent began receiving email communications from pornographic and dating websites that she had not signed up for. Kent also began receiving anonymous calls.

On one occasion, while Kent was in class, appellant telephoned eleven times in ten minutes. The calls were such a nuisance that Kent was asked to leave class. Kent answered the phone on the eleventh call and told appellant if she wanted to speak with Guerrero, she would need to call back after 5:30. Two minutes later, appellant sent Kent six text messages referring

---

[1] Although the information lists "causing the telephone of complainant to ring repeatedly" and "makes repeated telephone communications anonymously," as separate theories, both are listed disjunctively in section (a)(4) of the harassment statute. This section of the statute states that it is an offense if, "with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he . . . (4) causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously . . . ." *See* TEX. PENAL CODE ANN. § 42.07(a)(4) (West 2011).

to her as a bitch and a slut and threatening to assault her. Kent stated that she was afraid that appellant would try to hurt her.

Appellant admitted she sent messages to Kent but claimed Kent had initiated the exchange by electronic mail. Appellant introduced copies of the alleged emails but could not produce them in their original form because she cancelled the account where she had allegedly received them. On cross-examination, appellant admitted that portions of the text within the emails were very similar to the Facebook messages she sent. Kent testified that she had never seen the emails and did not send them.

After receiving all of the evidence, the trial judge found appellant guilty. In so doing, the judge noted that he found it "a little incongruent that [appellant and Kent] would communicate for several months by email and then all of a sudden switch over to communicating by Facebook." The trial judge also stated, "And especially the blast that went out for the whole world to see would obviously be embarrassing, seem somewhat annoying, tormenting, et cetera. And there seems to be uncontroverted evidence that these e-mails were sent and that they had that effect. And on that basis, I find the Defendant guilty."

Appellant filed a motion for new trial, and the trial court denied the motion. Thereafter, appellant timely filed her notice of appeal.

## DISCUSSION

In her sole issue, appellant asserts the evidence is insufficient to support her conviction. Specifically, appellant contends that three Facebook messages and one Facebook post over a three month period is insufficient to establish a repeated electronic communication for purposes of the harassment statute.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim.

App. 2010). Under the Jackson standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In conducting a sufficiency review, we defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim App. 2007). When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

In the present case, appellant was charged by information with violating the harassment statute under four different theories: threatening Kent with bodily injury through electronic communications, causing Kent's telephone to ring repeatedly or making anonymous telephonic communications repeatedly, permitting another to use one's telephone to commit harassment, and repeated electronic communications. *See* TEX. PENAL CODE ANN. § § 42.07(a)(2),(4),(6),(7) (West 2011). Only three of these sections are at issue on appeal: Section (a)(2), threatening bodily injury by electronic communication, Section (a)(4), causing the telephone of another to ring repeatedly, and Section (a)(7), sending repeated electronic communications.[2]

Appellant argues the judge found her guilty under section 7 (repeated electronic communication) and acquitted her under sections 2 (threatening electronic communication) and 4 (causing telephone to ring repeatedly). Appellant's argument is premised on the comments

---

[2] The State concedes that no evidence was introduced to support a conviction for a section (6)(a) violation (permitting another to use one's telephone to commit harassment).

preceding the trial court's pronouncement of a general verdict of guilt. According to appellant, the judge made no findings related to the contested testimony concerning the phone calls and text messages. The judge's comments began with a reference to the emails appellant introduced into evidence. The judge stated:

> Well, first I find it a little incongruent that they would be communicating for all these months by e-mail and then all of a sudden switch over to communicating through the Facebook account, or whatever it is. But even if these e-mails are true, I don't have to decide whether they are or they aren't. The statute says that it doesn't -- as opposed to the stalking statute, where there has to actually be a threat of bodily injury, under the harassment statute, which surprisingly was found Constitutional by the Court of Criminal Appeals within the last year or so, that the statute's saying that if it's done for purposes to embarrass, torment, annoy, et cetera, that under the harassment standards that that is sufficient. And especially the blast that went out for the whole world to see would obviously be embarrassing, seem somewhat annoying, tormenting, et cetera. And there seems to be uncontroverted evidence that these e-mails were sent and that they had that effect. And on that basis, I find the Defendant guilty.

In support of her argument that these findings constitute an implied acquittal on all theories alleged in the information except the section (a)(7) theory, appellant relies on *State v. Hamilton*, 05-97-00233-CR, 1997 WL 537717 (Tex. App.—Dallas Sept. 3, 1997, no pet.) (not designated for publication). The *Hamilton* case, however, is distinguishable from the instant case.

In *Hamilton*, the defendant was charged with criminal mischief. But at the conclusion of a bench trial, the judge found the evidence substantiated a finding that the defendant had committed a lesser offense — reckless destruction of property. In a footnote, this Court stated that the trial court's finding was an "implied acquittal on the offense of criminal mischief." *Id*. at *6, n.9.

Unlike this case, Hamilton involved an acquittal of a greater offense by entering a finding that the defendant committed a lesser offense. *Id.* Here, appellant was charged under four

–5–

different theories of the same offense rather than a lesser offense. Because of this distinction, we decline to characterize the court's comments as an implied acquittal of the charges under sections (a)(2) and (a)(4). The record shows the judge pronounced a general verdict of guilt for the crime of harassment.[3]

Appellant's challenge is directed only to the sufficiency of the evidence to support a conviction under section (a)(7). In particular, appellant complains that one public post and three Facebook messages over the scope of three months do not constitute a "repeated communication" within the meaning of the statute as interpreted by the Texas Supreme Court.[4] But we need not determine whether the evidence was sufficient under section (a)(7) if the evidence is sufficient to support a conviction under any of the theories alleged. *See Rabbani v. State*, 847 S.W.2d 555, 558 (Tex. Crim. App. 1992). When the trier of fact returns a general verdict and the evidence is sufficient to support a finding under any of the theories submitted, the verdict will be upheld. *See Grissam v. State*, 267 S.W.3d 39, 41 (Tex. Crim. App. 2008); *Norwood v. State*, No. 05-10-00261-CR, 2011 WL 1206787, at *5 (Tex. App. —Dallas Feb. 23, 2011, no pet.) (determining evidence sufficient under section (a)(4) despite appellant's challenge to sufficiency under section (a)(7)).

Here, there is sufficient evidence in the record to support a conviction under section (a)(4). Section (a)(4) of the statute provides:

> (a) A person commits an offense, if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he . . .

---

[3] The written judgment also does not specify that appellant was found guilty pursuant to a particular subsection of the harassment statute. Indeed, the judgment does not contain a statutory reference at all.

[4] *See e.g. Scott v. State*, 322 S.W.3d 662, 669 n. 12 (Tex. Crim. App. 2010). In *Scott*, the court considered the meaning of "repeated" with regard to a "repeated telephone communication." The court stated that "repeated," means "more than one telephone call in close enough proximity to be properly termed a single episode." *Id.*

> (4) causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

TEX. PENAL CODE ANN. § 42.07(a)(4). Kent testified that she was in class when appellant called eleven times in ten minutes. When Kent answered the phone and told appellant she would have to call later if she wanted to speak to Guerrero, appellant immediately sent six text messages. The messages referred to Kent as a bitch and a slut and included a threat of assault. Kent testified that she was afraid appellant would try to harm her, and these phone calls, like the messages on Facebook, made her feel annoyed and embarrassed.

Although appellant denied making the phone calls and claimed she did not intend to harass Kent, the judge was free to assess her credibility and accept or reject her testimony. *See Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987). Therefore, on this record, we conclude the evidence was sufficient to support appellant's conviction for harassment. Because we have found the evidence sufficient under section (a)(4), we need not consider whether the evidence was also sufficient under any of the alternative theories under which appellant was charged. *See Norwood*, 2011 WL 1206787, at *5. Having resolved appellant's sole issue against her, we affirm the trial court's judgment.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

120296F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEBRA HERNANDEZ, Appellant

No. 05-12-00296-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 3, Dallas County, Texas
Trial Court Cause No. MB11-12510.
Opinion delivered by Justice FitzGerald.
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 12, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE